IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

Creighton University,

    Plaintiff,

v.

Zurich American Insurance Company
and Hartford Steam Boiler Inspection and
Insurance Company,

    Defendants.

Case No. 8:18cv165

**Stipulated Protective Order**

Upon the Court's Review of the parties' Joint Stipulation for Protective Order,

**IT IS ORDERED** that the Joint Stipulation for Protective Order ([Filing No. 12](Filing No. 12)) is approved, and the parties' stipulation is entered as set forth below:

In order to expedite the flow of discovery material and resolution of this matter, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded only to material so entitled, Plaintiff Creighton University and Defendants Zurich American Insurance Company and The Hartford Steam Boiler Inspection and Insurance Company jointly stipulate to the entry of the following Protective Order.

1.     As used in the Protective Order, these terms have the following meanings:

    (a)     "Attorneys" means counsel of record;

    (b)     "Confidential" documents or information are documents or information designated pursuant to paragraph 2;

    (c)     "Highly Confidential" documents or information are documents or information designated pursuant to paragraph 5;

(d) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. A party may designate as Confidential any document or portion of any document, discovery response, or transcript that it in good faith believes constitutes or contains non-public business or financial information that the producing party could reasonably expect to harm its business or put it at a competitive disadvantage if disclosed to the public.

3. All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this lawsuit, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 4.

4. Access to any Confidential document shall be limited to:

(a) The Court, its officials (including court reporters, persons operating video equipment at depositions, and any special master or mediator appointed by the Court), court personnel, and the jury;

(b) Attorneys and their office associates, legal assistants, and stenographic and clerical employees;

(c) persons shown on the face of the document to have authored or received it;

(d) court reporters retained to transcribe testimony;

(e) the parties;

(f) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this lawsuit.

5. A producing party may designate as Highly Confidential no more than 3 documents that it in good faith believes constitutes or contains non-public, proprietary, and competitively-sensitive business or pricing information, research, and/or trade secrets that the producing party could reasonably expect to harm its business or put it at a competitive disadvantage if disclosed to anyone other than the persons designated in paragraphs 4(a), (b), (c), (d), and (f). In addition to the 3 or fewer documents a producing party may designate as Highly Confidential, the producing party may also designate as Highly Confidential portions of any deposition transcript revealing the contents of the Highly Confidential documents. All Highly Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this lawsuit, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those described in paragraphs 4(a), (b), (c), (d), and (f).

6.     Any Attorney filing any pleadings, motions, affidavits, briefs, exhibits or other papers with the Court that contain Confidential or Highly Confidential documents or information, shall file such papers under seal.

7.     Each person except those listed in paragraphs 4(a), (c), and (d) who is permitted to see Confidential or Highly Confidential Documents shall first be shown a copy of this Protective Order and shall sign a Written Assurance in the form attached as Exhibit A.

8.     Any party who inadvertently fails to identify documents as Confidential or Highly Confidential shall have 7 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the improperly designated documents. Any party receiving such improperly designated documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

9.     Any party may request a change in the designation of any documents or information designated Confidential or Highly Confidential by moving the Court for appropriate relief. The party asserting that the material is Confidential or Highly Confidential shall have the burden of proving that the information in question qualifies for such designation under this Protective Order and/or protection under Fed. R. Civ. P. 26(c).

10.     Within 60 days of the termination of the lawsuit, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as Confidential or Highly Confidential and all copies of such documents, and shall destroy all extracts and/or data taken from such documents.

Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the lawsuit.

11. If another person, group, entity, court, government body or administrative agency subpoenas or orders the production or disclosure of any information designated as Confidential or Highly Confidential under this Protective Order, then the attorney for the party to whom such subpoena or other court order has been directed shall object to the production of the information pursuant to this Protective Order and give written notice to the producing party of the pendency of such subpoena or order as promptly as possible, and in any event at least 14 days before complying with any subpoena or order. If the producing party takes no effective action to preclude the enforceability of the subpoena or order, then the receiving party may comply with the subpoena or order.

12. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the lawsuit or of any position as to discoverability or admissibility of evidence.

14. The obligations imposed by the Protective Order shall survive the termination of this lawsuit.

**IT IS SO ORDERED.**

Dated this 11th day of June, 2018.

                                        BY THE COURT:

                                        s/ Michael D. Nelson
                                        United States Magistrate Judge

# EXHIBIT A

# WRITTEN ASSURANCE

I have read and understand the terms of the protective order (the "Protective Order") filed in *Creighton University v. Zurich American Insurance Company, et al.*, Case No. 8:18-cv-00165, in the United States District Court for the District of Nebraska (the "Lawsuit"). I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

As soon as practical, but no later than 30 days after final termination of the Lawsuit, I shall return to the attorney, from whom I received, any documents in my possession designated Confidential or Highly Confidential under the Protective Order, and all copies of or information extracted from such documents.

I submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____  _____
                (Date)                                  (Signature)